UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLAUDIA BURNS,**

    **Plaintiff,**

    v.

**PNC BANK, NATIONAL ASSOCIATION,** *et al.*,

    **Defendants.**

Case No. 2:20-cv-5149
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

This matter is before the Court on the Court's own Order to Show Cause why Plaintiff's claims should not be dismissed for want of prosecution, after her failures to participate in this litigation and to update her address.  (ECF No. 32.)  For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

Plaintiff filed this action in the Court of Common Pleas for Franklin County, Ohio, on August 28, 2020, and it was removed to federal court on October 1.  (ECF No. 1.)  On May 6, 2021, then-counsel for Plaintiff filed a Motion to Withdraw as counsel, on the grounds that the attorney was unable to reach Plaintiff through any means of communication despite many attempts.  (ECF No. 21.)  The Court granted that motion on June 1.  (ECF No. 22.)  The docket reflects that since that time, Plaintiff has not retained new counsel, and has not taken any other action in the case.  On June 28, mail from the Court to Plaintiff was returned as undeliverable. (ECF No. 28.)  On July 1, the Court ordered Plaintiff to update her address within 14 days.  (ECF

No. 29.) On July 26, and again on August 11, additional mail from the Court to Plaintiff was returned as undeliverable. (ECF No. 30, 31.) On August 16, the Court issued an order directing Plaintiff to show cause why her claims should not be dismissed for failure to prosecute this case. (ECF No. 32.) On August 26, that order was returned to the Court as undeliverable, and the Court re-sent it to another address. (ECF No. 33.) Twenty days have since passed with no response from Plaintiff. Plaintiff has not updated her address or otherwise contacted the Court.

## II.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

A district court has the authority to dismiss an action under Rule 41(b) when it has put a party "on notice that further noncompliance would result in dismissal." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, four months have elapsed since Plaintiff communicated with her own former attorney or the Court, and in the interim, Plaintiff has failed to respond to two Court Orders. (*See* ECF No. 29 (ordering Plaintiff to update her address); ECF No. 32 (ordering Plaintiff to show cause why her case should not be dismissed).) Significantly, The Court's most recent Order put Plaintiff on notice that her claims could be dismissed. Plaintiff's persistent failure to comply with Court Orders, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"); *cf. Sims v. Charter One Bank,* No. 3:10-cv-2941, 2011 WL 6934806, at *3 (N.D. Ohio Dec. 30, 2011) (plaintiff's failure to communicate with attorney or participate in proceedings for four months was cause for dismissal under Rule 41(b)). Because Plaintiff has missed deadlines and ignored Court Orders, the undersigned concludes that no alternative sanction is appropriate. The undersigned therefore **RECOMMENDS** that Plaintiff's action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within 14 days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE